**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MELISSA NELSON,                                    )
                                                   )
               Plaintiff,                          )     **Case No.:**
                                                   )
          v.                                       )     **COMPLAINT AND DEMAND FOR**
                                                   )     **JURY TRIAL**
RETRIEVAL MASTERS CREDITORS                        )
BUREAU, INC.,                                      )     **(Unlawful Debt Collection Practices)**
                                                   )
               Defendant.                          )
_____           )

## <u>COMPLAINT</u>

MELISSA NELSON ("Plaintiff"), by and through her attorneys, Kimmel & Silverman,

P.C., alleges the following against RETRIEVAL MASTERS CREDITORS BUREAU, INC.

("Defendant"):

### INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and

the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq*. ("TCPA").

### JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states

that such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court

original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business in the State of Maryland, therefore, personal

jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Baltimore, Maryland 21217.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.      Defendant is a corporation with its principal place of business located at 4 Westchester Plaza, Suite 110, Elmsford, NY 10523.

9.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

11.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.     At all relevant times herein, Defendant was attempting to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

13.     Plaintiff never incurred any debt in connection with a business or commercial activities and therefore the debt if truly an obligation owed by her could only have arisen from a financial obligation primarily for personal, family, or household purposes.

14.     Between August 2015 and November 2015, Defendant placed repeated and continuous harassing calls to Plaintiff's cellular telephone.

15.     Defendant's calls originated from the numbers including, but not limited to: (844) 505-3328. The undersigned has confirmed that this number belongs to Defendant.

16.     Plaintiff has received calls from Defendant immediately after ending a call with a different collector.

17.     On several occasions during this time period, Plaintiff informed Defendant to

2

stop calling her on her cellular telephone.

18.    However, Defendant continued to contact Plaintiff on her cellular telephone.

19.    Once Defendant was aware its calls were unwanted any further calls could only have been for the purpose of harassment.

20.    Upon information and belief, when contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice.

21.    Plaintiff received automated calls from Defendant that began with silence and the call would end or a pre-recorded voice would state a message before being transferred to a collector.

22.    Defendant's telephone calls to Plaintiff's cellular telephone were not made for "emergency purposes."

23.    Frustrated by the repeated calls and Defendant's failure to update its records to cease calls to her number, Plaintiff downloaded an application to her phone to block Defendant's calls.

24.    Finally, within five (5) days of placing its initial communication to Plaintiff, Defendant failed to send written verification of the debt, as well as providing him with the amount of the debt and the name of the original creditor.

25.    Defendant's actions, as described herein, were taken with the intent to mislead, harass, and coerce payment from Plaintiff.

PLAINTIFF'S COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

26.     A debt collector violates section 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

27.     Defendant violated section 1692d of the FDCPA by continuously and frequently calling Plaintiff about the alleged debt with the intent to annoy, abuse, and harass Plaintiff, and continuing to call after she requested on several occasions that calls cease.

### COUNT II

28.     A debt collector violates section 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

29.     Defendant violated section 1692d(5) of the FDCPA when it placed repeated telephone calls to Plaintiff's cellular telephone number with the intent to annoy, abuse, or harass Plaintiff, and continuing to call after she requested on several occasions that calls cease.

### COUNT VII

30.     A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the

4

validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

31.    Defendant violated section 1692g(a) of the FDCPA when it failed to send written notification, within five (5) days after its initial communication with Plaintiff, advising her of his rights to dispute the debt or request verification of the debt.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

### COUNT IV

32.    Defendant's conduct, as detailed in the preceding paragraphs, violated the Telephone Consumer Protection Act.

33.    Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

34.    Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

PLAINTIFF'S COMPLAINT

35. Despite the fact that Plaintiff told Defendant to stop calling her, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

36. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

37. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MELISSA NELSON, respectfully prays for a judgment as follows:

    a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d.   Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

    e.   Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

    f.   Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

## __DEMAND FOR JURY TRIAL__

PLEASE TAKE NOTICE that Plaintiff, MELISSA NELSON, demands a jury trial in this case.

Respectfully submitted,

DATED: October 6, 2016

By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Tel: 215-540-8888 ext 167
Fax: 215-540-8817
Email: aginsburg@creditlaw.com
Attorney for the Plaintiff

PLAINTIFF'S COMPLAINT